**SULLIVAN & CROMWELL LLP**
Brendan P. Cullen (SBN 194057)
Kyle W. Mach (SBN 282090)
Paul H. Lazarow (SBN 311496)
550 Hamilton Avenue
Palo Alto, California 94301
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
E-mail:  cullenb@sullcrom.com
         machk@sullcrom.com
         lazarowp@sullcrom.com

*Counsel for Defendant Western Alliance Bank*

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE RIEGER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>EPIQ SYSTEMS, INC., ANGEION GROUP LLC, JND LEGAL ADMINISTRATION, KROLL SETTLEMENT ADMINISTRATION LLC, HUNTINGTON NATIONAL BANK, WESTERN ALLIANCE BANK, and DOES 1-20,<br><br>　　　　　Defendants. | Case No. 3:25-cv-04793-JSC<br><br>**MOTION TO ENLARGE TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT, CONTINUE INITIAL CASE MANAGEMENT CONFERENCE, AND EXTEND RELATED DEADLINES**<br><br>The Hon. Jacqueline Scott Corley<br>Courtroom 8 |

Sullivan & Cromwell LLP

1

Motion To Enlarge Time To Respond To Complaint and To Continue Initial CMC and Related Deadlines
Case No. 3:25-cv-04793-JSC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Local Rule 6-3, Defendants Epiq Systems, Inc. ("Epiq"), Angeion Group LLC ("Angeion"), JND Legal Administration ("JND"), Kroll Settlement Administration LLC ("Kroll"), The Huntington National Bank ("Huntington"), and Western Alliance Bank ("Western Alliance") (together, the "Defendants"), through the undersigned counsel, respectfully move to enlarge Defendants' time to answer, move to dismiss, or otherwise respond to the Complaint and related deadlines (the "Motion"), pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision on the motion to transfer and centralize certain actions pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the JPML, including this litigation, into a multidistrict litigation ("MDL"), which was filed by plaintiffs in the *Baker* v. *Angeion Group, LLC, et al.*, No. 2:23-cv-02079-KBH (E.D. Pa.) action (the "JPML Motion") on August 13, 2025. There is good cause to grant this Motion. An enlargement of time to respond will not prejudice Plaintiff, whereas a denial would cause hardship and inequity to Defendants, reduce judicial efficiency, and risk inconsistent rulings on issues that should be addressed uniformly in the MDL. This Court has already stayed an identical, earlier-filed case pursuant to the parties' stipulation that the case be stayed pending resolution of the JPML Motion. *Whalen* v. *Epiq Systems, Inc., et al.*, No. 3:25-cv-04522 (N.D. Cal.) ("*Whalen 1*") [ECF No. 46].

**BACKGROUND**

On June 5, 2025, Plaintiff Nicole Rieger filed the Class Action Complaint (the "Complaint") against Defendants Epiq, Angeion, JND, Kroll, Huntington, and Western Alliance. (ECF No. 1.) This case was the fifth of five putative class actions currently pending in four different federal courts involving substantially similar allegations, claims, and defendants: (1) *Whalen 1*; (2) *Whalen* v. *Epiq Systems Inc., et al.*, No. 3:25-cv-4499 (S.D.N.Y.) ("*Whalen 2*"); (3) *Tejon* v. *Epiq Systems, Inc., et al.*, No. 1:25-cv-22453 (S.D. Fla.); and (4) *Baker* v. *Epiq Systems, Inc., et al.*, No. 2:25-cv-02079 (E.D. Pa.) (together with the above-captioned case, the "Related Actions"). Indeed, the Complaint here was lifted almost entirely — right down to the identical photographs of redacted checks both plaintiffs

SULLIVAN & CROMWELL LLP

2

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-cv-04793-JSC

inexplicably pasted into their complaints — from the complaint filed in *Whalen 1*. (3:25-cv-04522-JSC, N.D. Cal., ECF No. 1.)[1]

On July 28, 2025, this Court granted Plaintiff and Defendants' Stipulation To Amend Time To Respond to Complaint (ECF No. 27). Accordingly, Defendants currently have until September 5, 2025 to respond to the Complaint; the deadlines to file an ADR Certification and to complete the Rule 26(f) Meet and Confer are September 3, 2025; the deadlines for Initial Disclosures and for a Joint Case Management Statement are September 17, 2025; and the Initial Case Management Conference is scheduled for September 24, 2025 at 2:00 p.m. (*Id.*) Discovery has not yet begun.

On August 13, 2025, the *Baker* plaintiffs filed the JPML Motion to transfer the Related Actions to the District Court for the Eastern District of Pennsylvania or, alternatively, to the District Court for the Southern District of New York for consolidated or coordinated pretrial proceedings. Since then, the parties in three of the five Related Actions have stipulated to stays pending resolution of the JPML Motion, agreeing that a stay is in the interests of justice and judicial economy and this Court entered the stipulation in *Whalen 1*. (*See Order to Stay or Extend Time to Answer, Move, or Otherwise Respond to Complaint, Continue Initial Case Management Conference, and Extend Related Deadlines*, 3:25-cv-04522-JSC, N.D. Cal., ECF No. 46 (*Whalen 1*) (granting stipulation); *see also Stipulation and Order*, 2:25-cv-02079-KBH, E.D. Pa., ECF No. 56 (*Baker*) (same); *Order Granting In Part Letter Motion to Stay*, 1:25-cv-04499-PKC, S.D.N.Y., ECF No. 58 (*Whalen 2*) (staying deadline to respond to complaint until a date to be set at an initial conference, which was adjourned from September 2, 2025 until October 16, 2025).)

Nonetheless, Plaintiff in this case has refused to agree to a stay. On August 20, 2025, counsel for the Defendants sent Plaintiff a stipulation to stay the above-captioned case pending resolution of the JPML Motion, requesting Plaintiff's permission to sign and file on her behalf. (Declaration of Brendan P. Cullen ("Cullen Decl."), Ex. A.) Six days later, Plaintiff's counsel

---

[1] On July 7, 2025, Judge Corley granted a Motion for Administrative Relief To Consider Whether Cases Should be Related filed by plaintiffs in the *Whalen 1* action, finding that this case, as the more recently filed case, is related to *Whalen 1* and reassigning it to herself. (3:25-cv-04522-JSC, N.D. Cal., ECF Nos. 18, 21 (motion and order granting motion); *see also* ECF No. 11 (order granting motion to relate in the above-captioned case).)

SULLIVAN & CROMWELL LLP

3

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

responded: "[W]e've considered and we're not amenable to the stipulation, thanks." (*Id.*) Because, for no stated (or obvious) reason, Plaintiff refuses to stipulate to stay this copy-cat case, Defendants hereby seek to enlarge the time applicable to all proceedings in the above-captioned case pending resolution of the JPML Motion and contend that the competing interests, including all three *Rivers* factors, weigh in favor of granting the Motion.

## ARGUMENT

This Court has discretion to enlarge Defendants' time to respond to the Complaint pending resolution of the JPML Motion. *See Johnson* v. *Starbucks Corp.*, 2018 WL 3159689, at *1 (N.D. Cal. June 28, 2018) ("The court's discretionary power to issue a stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal quotations omitted). Courts "frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *Gonzalez* v. *Ford Motor Co.*, 2017 WL 9614465, at *1 (N.D. Cal. Nov. 16, 2017) (internal quotation omitted); *see also A.H.M.* v. *Uber Techs., Inc.*, 2023 WL 6199179, at *1, *3 (N.D. Cal. Sept. 22, 2023) (Corley, J.) (finding that "many district courts grant stays in such cases because of judicial economy").

Local Rule 6-1(b) provides that a "request for a Court order enlarging . . . time may be made by . . . motion pursuant to Civil L.R. 6-3." Local Rule 6-3 requires that the moving party identify (among other things) the "substantial harm or prejudice that would occur if the Court did not change the time." Where a JPML decision is pending "[s]ome courts" weigh similar "competing interests" by "applying the *Rivers* test, which considers the following factors: '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.'" *See A.H.M.*, 2023 WL 6199179, at *2 (quoting *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). Here, all three *Rivers* factors support granting the Motion.

*First*, Plaintiff will not be prejudiced by the requested enlargement of time. The JPML Motion will be fully briefed by September 12, 2025 and, if the parties do not waive oral argument, would be heard by the JPML on December 4, 2025. *See* Multidistrict Litig. Manual § 4:27 (2014 ed.) ("In most cases the Panel decides the matter before it within a short period after arguments are held or

SULLIVAN & CROMWELL LLP

4

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

after the briefing is completed if the parties waive oral argument."). There is no reason to believe that such a brief delay would prejudice Plaintiff. *See Fuller* v. *Amerigas Propane, Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (finding "no meaningful prejudice" as a result of a stay where the case was "in very early procedural stages," the JPML was "expected to hear th[e] matter within a few months," and the stay was "unlikely to cause the degradation of memories or the loss of material evidence"); *J.W.* v. *Pfizer, Inc.*, 2013 WL 1402962 (N.D. Cal. Apr. 5, 2013) ("Plaintiffs claim that their case will 'languish in federal court,' and that their jurisdiction question will not be considered for several months. However, Plaintiffs offer no tangible harm that they would suffer from waiting a term of months.") (internal citation omitted). And, "[i]n fact, a stay might help Plaintiff[] avoid unnecessary effort and expense." *Ernyes-Kofler* v. *Sanofi S.A.*, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (citing *Nash* v. *Janssen Rsch. & Dev. LLC*, 2:15-cv-03868-AB-E (C.D. Cal. June 4, 2015), Dkt. No. 19 at 3–4 ("Plaintiffs may benefit from the stay as they will be spared from the costs of pretrial motion practice and discovery in this Court that may be unnecessary in the MDL court if the transfer is granted.")).

*Second*, absent a time enlargement, the Defendants will face substantial harm and prejudice by being forced to litigate duplicative matters in numerous venues, which could subject them to conflicting rulings across multiple jurisdictions. Such serial litigation would defeat the efficiency that MDL proceedings were designed to achieve, particularly where, as here, the Complaint is virtually identical to *Whalen 1,* where the parties have already stipulated, and the Court has agreed, to a stay. *See* Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases."); *Weaver* v. *Pfizer, Inc.*, 2014 WL 2002212, at *4 (noting the harm to the defendant if required to "relitigate any decisions. . . if the case is transferred to the MDL court"). Indeed, the parties in three of the four other Related Actions have agreed to stays, and defendants in the remaining Related Action (*Tejon*) intend to file a motion for a stay similar to this one.

*Third*, an enlargement of time will conserve judicial resources. "The most important [*Rivers*] factor is judicial economy." *Johnson*, 2018 WL 3159689, at *2. "[I]t is often appropriate to

5

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362. The JPML may decide to consolidate this case with the Related Actions, either in this Court or in another district court. If the cases are transferred to another district, this Court will not need to rule on any motion(s) to dismiss and, if the cases are transferred to this Court, Plaintiff may file a single amended complaint. Courts routinely conserve judicial resources by not requiring defendants to respond to a complaint pending a ruling by the JPML. *See, e.g.*, *Johnson*, 2018 WL 3159689, at *1, *3 ("[A] brief stay will serve judicial economy."); *Ernyes-Kofler*, 2017 WL 813506, at *2 ("If this case goes on, and the JPML later finalizes its decision to transfer it, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge.") (internal quotation omitted); *Fuller*, 2009 WL 2390358, at *2 ("There is simply no reason for this Court to expend its time and energy on these cases until the pending [JPML motion] is resolved, as transfer of this matter to another court would render redundant the efforts of this Court."). Plaintiff's "unwillingness to stipulate to a brief stay . . . pending the JPML decision . . . has already wasted scarce judicial resources." *A.H.M.*, 2023 WL 6199179, at *2. The Court should not allow Plaintiff to waste even more.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion and enter an order enlarging Defendants' time to answer, move, or otherwise respond to the Complaint and, similarly, enlarge the time related to the Initial Case Management Conference and other deadlines, until the JPML has ruled on the JPML Motion. Defendants further request that (a) if the JPML grants the JPML Motion and the matter is consolidated before this Court, the Defendants will have 60 days after the filing of a consolidated complaint to answer or otherwise respond to the consolidated complaint; and (b) if the JPML denies the JPML Motion, the Defendants will have 45 days from the date of such order to respond to the Complaint in this action.

SULLIVAN
&
CROMWELL LLP

6
MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

1 | DATED: August 27, 2025

2 | Respectfully submitted,

/s/ Brendan P. Cullen
**SULLIVAN & CROMWELL LLP**
Brendan P. Cullen (SBN 194057)
Kyle W. Mach (SBN 282090)
Paul H. Lazarow (SBN 311496)
550 Hamilton Avenue
Palo Alto, California 94301
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
Email:   cullenb@sullcrom.com
              machk@sullcrom.com
              lazarowp@sullcrom.com

*Counsel for Defendant Western Alliance Bank*

/s/ Sonal N. Mehta
**WILMER CUTLER PICKERING HALE & DORR LLP**
Sonal N. Mehta (SBN 222086)
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Email: sonal.mehta@wilmerhale.com

*Counsel for Defendant Epiq Systems, Inc.*

/s/ Brian C. Rocca
**MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca (SBN 221576)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Email: brian.rocca@morganlewis.com

J. Gordon Cooney, Jr. (*pro hac vice forthcoming*)
Franco A. Corrado (*pro hac vice forthcoming*)
Matthew D. Klayman (*pro hac vice forthcoming*)
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5843
Email:  gordon.cooney@morganlewis.com
             franco.corrado@morganlewis.com
             matthew.klayman@morganlewis.com

*Counsel for Defendant Angeion Group LLC*

SULLIVAN & CROMWELL LLP

7

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

|   |   |
|---|---|
| 1 | /s/ Russell P. Cohen |
|   | **DECHERT LLP** |
| 2 | Russell P. Cohen (SBN 213105) |
|   | 45 Fremont Street, 26th Floor |
| 3 | San Francisco, CA 94105 |
|   | Telephone:  (415) 262-4506 |
| 4 | Email:  russ.cohen@dechert.com |

*Counsel for Defendant JND Legal Administration*

/s/ Scott M. Ahmad
**WINSTON & STRAWN LLP**
Scott M. Ahmad (*pro hac vice*)
Stephen V. D'Amore (*pro hac vice*)
Reid Smith (*pro hac vice*)
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-3197
Email:  SAhmad@winston.com
        SDamore@winston.com
        RFsmith@winston.com

Sandra A. Edwards (SBN 15478)
101 California Street, 21st Floor,
San Francisco, CA 94111
Telephone: (415) 591-1000
Email: sedwards@winston.com

*Counsel for Defendant Kroll Settlement Administration LLC*

/s/ Amanda L. Groves
**WINSTON & STRAWN LLP**
Amanda L. Groves (SBN 187216)
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750
Email:  AGroves@winston.com

Jeffrey L. Kessler (*pro hac vice*)
George E. Mastoris (*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:   JKessler@winston.com
         GMastoris@winston.com

Lauren E. Duxstad (*pro hac vice*)
200 S. Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 910-0500

SULLIVAN & CROMWELL LLP

8

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

Email:  LDuxstad@winston.com

*Counsel for Defendant The Huntington National Bank*

9

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC

**Attestation Pursuant to Local Rule 5-1(i)(3)**

  Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 27, 2025      */s/ Brendan P. Cullen*_____
                Brendan P. Cullen

SULLIVAN & CROMWELL LLP

10

MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT AND TO CONTINUE INITIAL CMC AND RELATED DEADLINES
CASE NO. 3:25-CV-04793-JSC