UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE RIEGER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIQ SYSTEMS, INC., ANGEION GROUP LLC, JND LEGAL ADMINISTRATION, KROLL SETTLEMENT ADMINISTRATION LLC, HUNTINGTON NATIONAL BANK, WESTERN ALLIANCE BANK, and DOES 1-20,<br><br>Defendants. | Case No. 3:25-cv-04793-JSC<br><br>**DECLARATION OF BRENDAN P. CULLEN IN SUPPORT OF MOTION TO ENLARGE TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO COMPLAINT, CONTINUE INITIAL CASE MANAGEMENT CONFERENCE, AND EXTEND RELATED DEADLINES**<br><br>The Hon. Jacqueline Scott Corley<br>Courtroom 8 |

I, Brendan P. Cullen, hereby state and declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner at the law firm of Sullivan & Cromwell LLP and counsel for Defendant Western Alliance Bank ("Western Alliance") in this action.

2. I submit this declaration pursuant to Civil Local Rule 6-3(a) in support of the Defendants' Motion To Enlarge Time To Answer, Move, or Otherwise Respond to Complaint, Continue Initial Case Management Conference, and Extend Related Deadlines (the "Motion").

3. I have personal knowledge of the facts stated in this declaration, and I will testify competently to them if called upon to do so.

4. This case is one of five putative class actions currently pending in four different federal courts involving substantially similar allegations, claims, and defendants. *See Whalen* v. *Epiq Systems, Inc., et al.*, No. 3:25-cv-04522 (N.D. Cal.) ("*Whalen 1*"); *Whalen* v. *Epiq Systems Inc., et al.*, No. 3:25-cv-4499 (S.D.N.Y.) ("*Whalen 2*"); *Tejon* v. *Epiq Systems, Inc., et al.*, No. 1:25-cv-22453 (S.D. Fla.); *Baker* v. *Epiq Systems, Inc., et al.*, No. 2:25-cv-02079 (E.D. Pa.) (together, with the above-captioned case, the "Related Actions"). At this time, the five cases described above remain pending before four different judges in four different courts — namely, this Court (Corley, J.), the Southern District of New York (Castel, J.), the Eastern District of Pennsylvania (Hodge, J.), and the Southern District of Florida (Williams, J.).

5. On August 13, 2025, the plaintiffs in the *Baker* action filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the JPML, to transfer and centralize the Related Actions to the U.S. District Court for the Eastern District of Pennsylvania or, alternatively, to the U.S. District Court for the Southern District of New York for consolidated or coordinated pretrial proceedings (the "JPML Motion").

6. Since then, in three of the five Related Actions, the Parties have reached an agreement that a stay of all operative deadlines was in the interests of judicial economy, efficiency, and justice, and would reduce potentially duplicative motion practice. Specifically, in *Baker*, on August 19, 2025, the parties sent a joint letter to Chambers requesting to stay the case, and, on August 20, 2025, the District Court for the Eastern District of Pennsylvania granted the stipulated stay. (*Stipulation and*

1  *Order*, 2:25-cv-02079-KBH, E.D. Pa., ECF No. 56 (*Baker*) (granting stipulation).)  In *Whalen 2*, on August 20, 2025, the parties filed a joint letter motion to stay the case, which was partially approved by the District Court for the Southern District of New York on August 21, 2025.  (*Order Granting In Part Letter Motion to Stay*, 1:25-cv-04499-PKC, S.D.N.Y., ECF No. 58 (*Whalen 2*) (staying deadline to respond to complaint until a date to be set at an initial conference, which was adjourned from September 2, 2025 until October 16, 2025).)  And in *Whalen 1*, on August 21, 2025, the parties filed a stipulation with proposed order to stay the case, which was approved by Judge Jacqueline Scott Corley of the District Court for the Northern District of California on August 22, 2025.  (*See Order to Stay or Extend Time to Answer, Move, or Otherwise Respond to Complaint, Continue Initial Case Management Conference, and Extend Related Deadlines*, 3:25-cv-04522-JSC, N.D. Cal., ECF No. 46 (*Whalen 1*) (granting stipulation).)

7. The parties' reasoning for agreeing to a stay in those three cases was that a stay was in the interests of judicial efficiency and justice.  The same is true here.  The JPML may decide to consolidate this case with the Related Actions, either in this Court or another district court.  If the cases are transferred to another district, this Court would not need to rule on any motion(s) to dismiss and, if the cases are transferred to this Court, Plaintiffs may file an amended complaint.

8. Absent a time enlargement, the Defendants will face substantial harm and prejudice by being forced to litigate duplicative matters in numerous venues, which could subject them to conflicting rulings across multiple jurisdictions.  Such serial litigation would defeat the efficiency that MDL proceedings were designed to achieve, particularly where, as here, the Complaint is virtually identical to *Whalen 1,* where the parties have already stipulated, and the Court has agreed, to a stay.  *See* Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases."); *Weaver* v. *Pfizer, Inc.*, 2014 WL 2002212, at *4 (noting the harm to the defendant if required to "relitigate any decisions. . . if the case is transferred to the MDL court").  Indeed, as stated above, the parties in three of the four other Related Actions have agreed to stays, and defendants in the remaining Related Action (*Tejon*) intend to file a motion for a stay similar to this one.

9.  Nonetheless, Plaintiff has refused to agree to stipulate to a stay in the above-captioned case.[1] Plaintiff has not provided a reason for its refusal, despite being given multiple opportunities to do so by Defendants. Specifically, on Wednesday, August 20, 2025, at 9:13 a.m., my associate, Paul Lazarow, emailed Plaintiff's counsel a draft joint stipulation, accompanying declaration, and proposed order and requested Plaintiff's agreement and approval for signing and filing the stipulation. (*See* Exhibit A.) Plaintiff's counsel did not respond. (*Id.*)

10. After multiple reminders from Mr. Lazarow, Plaintiff's counsel did not substantively respond until August 26, 2025, when Plaintiff's counsel sent an email at 8:12 a.m. stating only, "[W]e've considered and we're not amenable to the stipulation, thanks." (*Id.*)

11. Absent a stay, Defendants' deadline to answer, move to dismiss, or otherwise respond to the Complaint is just over a week away, on September 5, 2025. (ECF No. 27.) The deadlines to file an ADR Certification and to complete the Rule 26(f) Meet and Confer are September 3, 2025; the deadlines for Initial Disclosures and for a Joint Case Management Statement are September 17, 2025; and the Initial Case Management Conference is scheduled for September 24, 2025 at 2:00 p.m. (*Id.*) If the Motion is granted, these deadlines would all be stayed pending resolution of the JPML Motion.

12. There has been very little activity in this matter so far. Discovery has not yet begun, and, although this Court has scheduled the Initial Case Management Conference, and deadlines have been triggered based on the scheduling of that conference, the Court has not yet issued a scheduling order nor held the initial conference. (*See* ECF No. 27.)

13. There has been one previous modification of time in this case as to the time to respond to the Complaint and as to the Initial Case Management Conference and related deadlines. (ECF No. 25 (stipulation modifying or extending time to respond to the Complaint until September 5,

---

[1] Similarly, the Defendants have been unable to reach such an agreement in *Tejon* (filed May 29, 2025 in the Southern District of Florida), despite Defendants' similar outreach to plaintiffs' counsel there. Plaintiffs' counsel in *Tejon* is Boies Schiller Flexner LLP, the same firm that represents the plaintiffs in *Whalen 1* (filed May 28, 2025 in the District Court for the Northern District of California) and *Whalen 2* (filed May 29, 2025 in the District Court for the Southern District of New York).

2025, continuing the Initial Case Management Conference, and extending time for related deadlines) and ECF No. 27 (order granting the ECF No. 25 stipulation).)

14. Attached hereto as **Exhibit A** is a true and correct copy of the email communications between Defendants and Plaintiff between August 20, 2025 and August 26, 2025.

15. Attached hereto as **Exhibits A-1**, **A-2**, and **A-3** are true and correct copies of the attachments sent by Defendants to Plaintiff on August 20, 2025.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

DATED: August 27, 2025

Respectfully submitted,

*/s/ Brendan P. Cullen*
Brendan P. Cullen

*Counsel for Defendant Western Alliance Bank*